**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLAREE E. HOPPEL, | No. 11-35546 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-01686-RAJ |
| v. | |
| PREMERA BLUE CROSS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Olaree E. Hoppel appeals pro se from the district court's summary judgment

in her action for joint and survivor annuity benefits and insurance benefits under

the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Retirement Equity Act of 1984. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1192 n.3 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment because Hoppel failed to raise a genuine dispute of material fact as to whether defendant provided any life insurance policy to her late ex-husband and whether defendant's contract to pay him certain retirement income from its operating budget constituted a qualified plan subject to § 1055's surviving spouse provisions. *See* 29 U.S.C. § 1055 (stating that certain pension plans must be provided in the form of a qualified joint and survivor annuity benefit); *id*. § 1051(2) (excluding from § 1055 a pension plan that is unfunded and maintained by an employer to provide deferred compensation for a select group of management or highly compensated employees); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996 ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

The district court did not abuse its discretion by denying Hoppel's motion for reconsideration or relief from judgment because Hoppel failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and

discussing factors for reconsideration or relief from judgment under Fed. R. Civ. P. 59(e) and 60(b)).

Hoppel's arguments that the district court allegedly violated or ignored the terms of the Qualified Domestic Relations Order issued in her divorce proceedings, rejected evidence of fraud in a prior litigation, or failed to apply *Mack v. Kuckenmeister*, 619 F.3d 1010 (9th Cir. 2010), are not supported by the record.

**AFFIRMED.**